UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

TAMMY CASTILLO,

    Plaintiff,

v.

UNITED MEDIATION SERVICES L.L.C., et al.,

    Defendants.

_____/

Hon. Janet T. Neff

Case No. 1:17-cv-00841

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's Revised Application for Default Judgment (ECF No. 24), which was referred to the undersigned by the Honorable Janet T. Neff for report and recommendation under 28 U.S.C. §636(b)(1)(B). The court has determined that, because of the limited damages sought in the revised application, no hearing on the application is required.

Summonses were returned executed as to defendants United Mediation Services L.L.C. and Michael S. Thornton (ECF Nos. 14 and 13, respectively). Defendants failed to answer or otherwise plead, and default was entered pursuant to Fed. R. Civ. P. 55(a) as to defendants United Mediation Services L.L.C. and Michael S. Thornton on January 3, 2018 (ECF No. 19).

## THE PARTIES

Plaintiff, Tammy Castillo claims that Defendants, United Mediation Services L.L.C., et al., repeatedly violated the Fair Debt Collection Practices Act 15 U.S.C. § 1692, et seq., in relation to a debt that had been previously forgiven. The allegations in her First Amended Complaint (ECF No. 12) are clear and specific. Defaulting defendants United

Mediation Services L.L.C. and Michael S. Thornton are not minors or incompetent persons. As these defendants have not answered or otherwise pled, the allegations against defendants United Mediation Services L.L.C. and Michael S. Thornton are deemed admitted pursuant to Fed. R. Civ. P. 8(b)(6).

## **STANDARD**

The rule governing default judgment is Fed. R. Civ. P. 55(b), which reads as follows:

> (b) Entering a Default Judgment.
>
> > (1) By the Clerk. If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.
> >
> > (2) *By the Court.* In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make referrals—preserving any federal statutory right to a jury trial—when, to enter or effectuate judgment, it needs to:
> >
> > > (A) conduct an accounting;
> > >
> > > (B) determine the amount of damages;
> > >
> > > (C) establish the truth of any allegation by evidence; or
> > >
> > > (D) investigate any other matter.

Because the default judgment sought is not for a sum certain or a sum that can be made certain by computation, the matter is governed by Fed. R. Civ. P. 55(b)(2).

## DAMAGES

In an earlier filed application for default judgment (ECF No. 22), Plaintiff sought punitive damages of $25,000 in addition to statutory and actual damages. The undersigned set a hearing requiring plaintiff to appear and justify the damages requested. Before the application was heard, plaintiff submitted a revised application requesting only statutory damages of $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A) and actual/liquidated damages in the amount of $2,500 pursuant to 15 U.S.C. § 1692k(a)(1) and 18 U.S.C. § 2724(b)(1) (ECF No. 24). The undersigned finds that given the allegations in the complaint, now deemed admitted pursuant to Fed. R. Civ. P. 8(b)(6), the amounts of statutory and actual damages sought are appropriate.

## FEES AND COSTS

Plaintiff intends to move for an award of fees and costs after entry of judgment against defendants United Mediation Services L.L.C. and Michael S. Thornton, pursuant to Fed R. Civ. P. 54(d)(1) and (2), 15 U.S.C. § 1692k(a)(3), and 18 U.S.C. § 2724(b)(3).

## CONCLUSION

The undersigned recommends that the earlier filed application for default judgment (ECF No. 22) be dismissed, that the revised application for default judgment (ECF No. 24) be granted, and that judgment be entered against defendants United Mediation Services L.L.C. and Michael S. Thornton. Given the persistence of the alleged noncompliance by the debt collectors the undersigned finds, relying on 18 U.S.C. §

2724(b)(1), that damages should be awarded in the amount of $3,500, exclusive of attorney fees and costs.

Dated: May 1, 2018              /s/ Ellen S. Carmody
                                ELLEN S. CARMODY
                                U.S. Magistrate Judge

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).